UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01144-JWH-ACCV | Date | October 7, 2026 |
| Title | *C.S.M. v. Ruby Hernandez, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Clarissa Lara | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: ORDER REGARDING PETITIONER'S MOTION FOR ATTORNEYS' FEES [ECF No. 31]**

## I. BACKGROUND

Before the Court is the Motion of Petitioner C.S.M. for an award of attorneys' fees and costs under the Equal Access to Justice Act (the "EAJA"). C.S.M. seeks and award of the fees and costs that she incurred in connection with her Judgment against Respondents Ruby Hernandez, Federal Field Specialist, Office of Refugee Resettlement; Niky Hymel, Federal Field Specialist Supervisor, Office of Refugee Resettlement; Alex J. Adams, Assistant Secretary of the Administration of Children and Families; Angie Salazar, Acting Director of the Office of Refugee Resettlement; and Robert F. Kennedy, Jr., Secretary of the U.S. Department of Health and Human Services.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.

[1] Pet'r's Mot. for Att'ys' Fees (the "Motion") [ECF No. 31].

After considering the papers filed in support and in opposition,[2] the Court **DENIES without prejudice** C.S.M.'s Motion, for the reasons set forth below.

## II. LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," and the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In the Ninth Circuit, a district court considering whether to stay a case must weigh "the possible damage which may result from the granting of a stay"; "the hardship or inequity which a party may suffer in being required to go forward"; and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

## III. ANALYSIS

In their Opposition to C.S.M.'s Motion, Respondents ask the Court to deny her requested fee award, to reduce it, or to stay the resolution of her Motion pending the Supreme Court's resolution of *Montoya Palacios v. Liggins*, 2026 WL 1855057 (U.S. June 29, 2026).[3] In *Montoya Palacios*, the Supreme Court is expected to address a circuit split over whether immigration habeas actions are "civil actions" under the EAJA. *See Pet. for Cert.*, *Montoya Palacios v. Liggins*, 2026 WL 1169545 (U.S. Apr. 20, 2026).

Respondents argue that *Montoya Palacios* raises the same issues regarding the availability of attorneys' fees under the EAJA that C.S.M. raises in her Motion.[4] Respondents further contend that C.S.M. will suffer no prejudice if the Court's

---

[2] The Court considered the documents of record in this action, including the following papers and their attachments: (1) Motion; (2) Resp'ts' Opp'n to the Motion and Request to Stay the Motion (the "Opposition") [ECF No. 33]; and (3) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 35].

[3] Opposition 14:20-17:20.

[4] *Id.* at 15:13-16:9.

resolution of the Motion is stayed because C.S.M.'s habeas petition was already decided on the merits and the EAJA already contemplates a "relatively protracted post-judgment process of adjudication."[5] Finally, Respondents assert that staying the resolution of the Motion will conserve judicial resources because the outcome of *Montoya Palacios* will inform the outcome of the Motion and any subsequent appeal.[6]

C.S.M. responds that a stay would prejudice her by keeping her stuck in litigation.[7] C.S.M. argues that Respondents have failed to identify any legally cognizable hardship that they would suffer if their request for a stay is denied.[8] Finally, C.S.M. asserts that judicial economy would not be served by a stay because if the Supreme Court does not adopt Respondents' preferred interpretation of the EAJA, then a stay will have accomplished nothing but delay.[9]

The Ninth Circuit Court of Appeals recently stayed appellate proceedings regarding an attorneys' fees motion under the EAJA pending the resolution of *Montoya Palacios v. Liggins*. *See S.F. v. Bostock*, Case No. 26-4296, ECF No. 5 (9th Cir. Aug 10, 2026). The Court finds the *Landis/CMAX* factors present here to be closely balanced. Thus, the Court will follow the Ninth Circuit's lead and stay its resolution of the current Motion.

## IV. DISPOSITION

For those reasons, the Court hereby **ORDERS** as follows:

1. Respondents' request to stay the resolution of C.S.M.'s Motion is **GRANTED**.

2. To that end, C.S.M.'s instant Motion for an award of attorneys' fees and expenses [ECF No. 31] is **DENIED without prejudice**. C.S.M. may, if

---

5 *Id.* at 16:10-14.

6 *Id.* at 16:2-9.

7 Reply 11:8-11.

8 *Id.* at 11:24-12:9.

9 *Id.* at 12:17-13:5.

warranted, file a renewed fees motion no later than 30 days after the Supreme Court issues its decision in *Montoya Palacios*.

**IT IS SO ORDERED.**